THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MIKE AHLERS | § | CASE NO. 19-50152-R |
| XXX-XX-5911 | § | |
| 1063 CR 3320 | § | CHAPTER 13 |
| MT. PLEASANT, TX 75455 | § | |
| | § | |
| SONDRA AHLERS | § | |
| XXX-XX-9352 | § | |
| | § | |
| DEBTORS | § | |

**TRUSTEE'S RECONCILIATION CONCERNING CLAIMS**
**(WITH NOTICE OF BAR DATE FOR ADDITIONAL OBJECTIONS TO CLAIMS)**

**I.**

**NOTICE OF DEADLINE for filing Objections to Claims, Setting Value of Collateral, and Challenging Validity of any Security Interest:**

**YOU ARE NOTIFIED** that, pursuant to LBR 3015(g), the deadline for: (1) filing an objection to the allowance of any proof of claim filed in this case; (2) filing a motion for valuation of collateral to determine the amount of a secured claim filed in this case pursuant to Rule 3012; or (3) filing an appropriate pleading to avoid or otherwise challenge the validity of any security interest claimed in any proof of claim filed in this case, is the **twenty-first (21st) day following the date of service of this document.**

**II.**
**Trustee's Reconciliation Concerning Claims:**

A. **Purpose of the Trustee's Reconciliation Concerning Claims ("TRCC" herein):** The time for filing claims in this proceeding has expired. The Trustee has reviewed all of the claims filed in this proceeding and compared such to the terms of the confirmed Plan. The purposes of the TRCC are as follows:

    1. To reconcile the terms of the confirmed Chapter 13 Plan with the claims as actually filed by the Creditors and/or filed by other parties pursuant to the provisions of 11 U.S.C. 501;

    2. To set forth herein her proposed disbursements of plan payments to the creditors and their claims as a result of this reconciliation as reflected in the attached Schedules; and

3. To give notice to the parties of interest the result of this reconciliation and the Trustee's recommended disbursements of plan payments.

B. **Attached Schedules:** Attached hereto are Schedules setting forth the manner the claims as filed herein will be treated under the terms of the confirmed Chapter 13 Plan.

PLA_TRCC_Master

C. **Things the TRCC does NOT or CANNOT Do:** The TRCC does not or cannot do the following:

1. Does NOT serve as a Modification of plan after confirmation under 11 U.S.C. 1329. The Trustee cannot add or delete the payment of a claim through the claims' reconciliation process as reflected in the TRCC. Only a motion to modify can accomplish a modification of the plan after confirmation.

2. Does NOT serve as an Objection to a Claim under 11 U.S.C. 502. Only an Objection to a claim filed in this case can serve for that purpose.

3. Does NOT set or establish replacement value of collateral that is subject to valuation under 11 U.S.C. 506 (ie, cram down). Replacement value of such collateral may only be set by the terms of the confirmed plan, agreement of the parties, an objection to a proof of claim, or motion for valuation. Since the Debtor(s)' estimated replacement value is set forth in the terms of the confirmed Chapter 13 Plan, the TRCC will reflect that the Trustee will be paying the lessor of the secured amount of the underlying claim or the replacement value as set forth in the Chapter 13 Plan. If the secured amount as set forth in the Creditor's proof of claim is greater than the Debtor(s)' replacement value as set forth in the confirmed Chapter 13 Plan and replacement value may not be otherwise set, the Trustee will note to pay the replacement value as set forth in the confirmed Plan but will also note that the Plan is infeasible and that the Trustee will generate a Motion to Dismiss if such is not otherwise resolved by the Debtor(s).

4. Can NOT add for payment a priority claim that was not otherwise provided for under the terms of the confirmed Chapter 13 Plan. As noted above, the Trustee will note in her TRCC that such a claim is not in the Plan; that the Trustee will not pay the claim, and that the plan is infeasible which will cause the Trustee to generate a Motion to Dismiss if such is not otherwise resolved by the Debtor(s).

5. Can NOT cure an underfunding issue with the terms of the confirmed Plan. The Trustee will note in her TRCC that such a Plan is infeasible in that there are not sufficient amount of funds in the plan base to pay all of the claims to be paid under the terms of the Plan and the Trustee will generate a Motion to Dismiss if such is not otherwise resolved by the Debtor(s).

D. **Subsequent Adjustments to the TRCC:** The Trustee shall adjust her proposed disbursements as set forth in the TRCC as follows for the following events:

1. The entry of any subsequent claim objection order pertaining to a claim provided for in the confirmed Plan;

2. The entry of any subsequent valuation order securing an allowed claim provided for in the confirmed Plan that is subjection to 11 USC 506 bifurcation;

3. The filing of any amended proof(s) of claim filed herein pertaining to an allowed claim provided for in the confirmed Plan;

4. The withdrawal of any proof(s) of claim provided for in the confirmed plan;

5. The entry of any subsequent order allowing for payment of any claim filed after the claims' bar dates or by the provisions of 11 USC 1305;

6. The termination of the automatic stay as to the property being provided for in the confirmed Plan as noted in Sections 3.2, 3.3, and 3.4 of the confirmed Plan; and/or

7. Any approved Motion to Modify.

## III.
## Trustee's Claims Adjudication or Preliminary Notice of Infeasibility after TRCC

The Trustee has made the preliminary determination as set forth below that the terms of the confirmed Chapter 13 Plan are either feasible or infeasible. The Trustee provides this information to the parties in interest for informational prupuses only and is not seeking, through the TRCC, a judicial finding that the plan is in fact feasible or not feasible. If the Trustee determines that the confirmed Plan is in fact infeasible, the Debtor(s) must address this infeasibility on the Plan within forty-five (45) days after the filing of this TRCC. In the event the infeasibility of the Plan is not timely addressed by the Debtor(s), the Trustee or other interested party may file a motion to dismiss the Debtor(s)' bankruptcy case based upon this infeasibility.

☐ The Trustee is of the opinion that the Plan is feasible and that all claims have been reconciled by the terms of this TRCC without the necessity of a motion to modify or other action by the Debtor(s).

☑ The Trustee is of the opinion that the confirmed Chapter 13 Plan is infeasible for one or more of the following reasons:

☐ The replacement value of collateral subject to cram down as set forth in the terms of the confirmed Chapter 13 Plan does not fully provide for the payment of the secured value of the collateral as set forth in the applicable secured claim and this discrepancy has not been resolved by an agreement of the Debtor(s) and the affected creditor or by the entry of a Court Order setting value for said collateral.

☑ The proposed Chapter 13 Plan is underfunded in that the Plan Base is insufficient to allow the Trustee to pay in full all of the allowed claims as filed herein pursuant to the terms of the confirmed Chapter 13 Plan.

☑ The proposed Chapter 13 Plan fails to provide for the full payment, in deferred cash payments, of all claims entitled to priority under 11 USC 507 as required under 11 USC 1322(a)(2).

☐ The proposed Chapter 13 Plan fails to provide sufficient funding for the unsecured creditors pool.

☐ The proposed Chapter 13 Plan fails to meet the confirmed liquidation value.

Respectfully submitted,

/s/ Carey D. Ebert
Carey D. Ebert TBN 05332500
H. Jefferson LeForce TBN 00791094
Office of the Standing Chapter 13 Trustee
500 North Central Expressway, Suite 350
Plano, Texas  75074
(972) 943-2580

PLA_TRCC_Master

## Order of Payment (Section 9.2 of Plan)
## Unless the Court orders otherwise, the Trustee shall make
## Disbursements in the Following Order:

(1) Trustee's fees under Section 4.2 of the Plan upon receipt of plan payment
(2) Adequate protection payments under Sections 3.3 and 3.4 of the Plan
(3) Allowed attorney fees under Section 4.3 of the Plan
(4) Secured claims under Sections 3.2, 3.3, and 3.4 of the Plan concurrently
(5) DSO priority claims under Sections 4.4 and 4.5 of the Plan concurrently
(6) Non-DSO priority claims under Section 4.6 of the Plan
(7) Specially classed unsecured claims under Section 5.1 of the Plan
(8) General unsecured claims under Section 5.2 of the Plan

## (Section 3.1 of Plan)
## Post-Petition Home Mortgage Payments

| MORTGAGE LIENHOLDER | PROPERTY ADDRESS | MONTHLY PAYMENT BY DEBTOR |
|---|---|---|
| FIRST FEDERAL COMMUNITY BANK<br>630 CLARKSVILLE STREET<br>PARIS, TX 75460 | HOMESTEAD | $1,458.00 |
| | TO BE PAID DIRECT BY DEBTOR | |

## Schedule A (Section 3.2 of Plan)
### Trustee to Cure Defaults (Arrears) and
### Debtor(s) to Maintain Direct Payments Obligations

| CREDITOR | CLAIM NUMBER | CLAIM AMOUNT | CONFIRMED PLAN AMOUNT | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|---|
| FIRST FEDERAL COMMUNITY BANK<br>630 CLARKSVILLE STREET<br>PARIS, TX 75460 | | $ 0.00 | $7,000.00 | - | $0.00 |
| REF: MORTGAGE ARREARS<br>NO CLAIM FILED - CLAIM NOT TO BE PAID | | | | | |
| TITUS COUNTY APPRAISAL DISTRICT<br>PO BOX 528<br>MT PLEASANT, TX 75456-0528 | 1 | $ 1,541.28 | $1,541.28 | 12.00 | $0.00 |
| REF: PROPERTY TAXES - 2018<br>TO BE PAID IN FULL | | | | | |
| TITUS COUNTY TAX COLLECTOR<br>110 S. MADISON SUITE A<br>MT PLEASANT, TX 75455 | 2 | $ 905.31 | $905.31 | 12.00 | $0.00 |
| REF: PROPERTY TAXES - 2018<br>TO BE PAID IN FULL | | | | | |
| NORTHEAST TX COMM COLL DIST<br>2777 N. STEMMONS FREEWAY<br>SUITE 1000<br>DALLAS, TX 75207 | 8 | $ 1,153.05 | $1,153.05 | 12.00 | $0.00 |
| REF: PROPERTY TAXES - 2018-2019<br>TO BE PAID IN FULL | | | | | |
| OVATION SERVICES LLC<br>8401 DATAPOINT SUITE 1000<br>SAN ANTONIO, TX 78229 | 12 | $ 37,199.00 | $37,199.00 | 10.90 | $806.94 |
| REF: 4 MOBILE HOMES - RENTED OUT ON HOMESTEAD LAND<br>TO BE PAID IN FULL | | | | | |

## Schedule B (Section 3.3 of Plan)
### Trustee to Pay Secured Claims Protected from Section §506 Bifurcation
### (Non-cram down "910 Claims")

| CREDITOR | CLAIM NUMBER | CLAIM AMOUNT | CONFIRMED PLAN AMOUNT | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|---|
| OZARK RENTALS & INVESTMENTS GROUP, LLC<br>PO BOX 8805<br>FAYETTEVILLE, AZ 72703 | 4 | $ 9,745.78 | $9,745.78 | - | $0.00 |
| REF: JUDGMENT<br>TO BE PAID IN FULL | | | | | |
| OZARK RENTALS & INVESTMENTS GROUP, LLC<br>PO BOX 8805<br>FAYETTEVILLE, AZ 72703 | 3 | $ 11,375.85 | $11,375.85 | - | $0.00 |
| REF: JUDGMENT<br>TO BE PAID IN FULL | | | | | |

### Schedule C (Section 3.4 of Plan)
### Trustee to Pay Secured Claims Subject to Section §506 Bifurcation
### ("506 Claims" subject to Cram down)

| CREDITOR | CLAIM NUMBER | CLAIM AMOUNT | CONFIRMED PLAN AMOUNT | CREDITOR'S ASSERTED VALUE | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|---|---|

**NONE**

### Schedule D (Section 3.5 of Plan)
### Direct Payments by Debtor of Secured Claims Not in Default on the Petition Date; Trustee will not pay

| CREDITOR | CLAIM NUMBER | CLAIM AMOUNT | CONFIRMED PLAN AMOUNT | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|---|

**NONE**

### Schedule E (Section 3.6 of Plan)
### Debtor(s)' Surrender of Property; Trustee will not Pay

| CREDITOR | CLAIM NUMBER | CLAIM AMOUNT | CONFIRMED PLAN AMOUNT | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|---|

**NONE**

### Schedule F (Section 3.9 of Plan)
### Debtor(s)' Lien Avoidance/Stripping (The Amount Avoided will be Treated as an Unsecured Claim under Section 5.2 of Plan)

| CREDITOR | CLAIM NUMBER | CLAIM AMOUNT | CONFIRMED PLAN AMOUNT | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|---|

**NONE**

### Schedule G (Section 4.3 of Plan)
### Trustee to Pay "Allowed Balance" of Attorney's Fees After AP Payments

| CREDITOR | CLAIM NUMBER | CLAIM AMOUNT | CONFIRMED PLAN AMOUNT | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|---|
| RODNEY MCDANIEL ATTORNEY AT LAW 4503 TEXAS BOULEVARD, SUITE C TEXARKANA, TX 75503 | | $ 0.00 | $3,000.00 | - | $0.00 |
| | REF: DEBTOR ATTORNEY  TO BE PAID AS ADMINISTRATIVE; $500.00 PAID DIRECT | | | | |

**Schedule H (Section 4.4, 4.5, and 4.6 of Plan)**
**Trustee to pay Priority Claims as follows**

| CREDITOR | CLAIM NUMBER | CLAIM AMOUNT | CONFIRMED PLAN AMOUNT | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|---|
| INTERNAL REVENUE SERVICE P. O. BOX 7317 PHILADELPHIA, PA 19101-7317 | 5 | $ 3,530.71 | $0.00 | - | $0.00 |
| | REF: TAXES 2016-2018 NOT PROVIDED FOR CURRENTLY | | | | |

**Section I (Section 5.1 of Plan)**
**Treatment of Special Class Nonpriority Unsecured Claims**

| CREDITOR | CLAIM NUMBER | CLAIM AMOUNT | CONFIRMED PLAN AMOUNT | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|---|

**NONE**

## Section J (Section 5.2 of Plan)
## Treatment of Nonpriority Unsecured Claims

| CREDITOR | CLAIM NUMBER | CLAIM AMOUNT | CONFIRMED PLAN AMOUNT | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|---|
| BANK OF AMERICA, N.A.<br>P. O. BOX 15102<br>WILMINGTON, DE 19886 | 11 | $ 8,404.93 | $0.00 | - | $0.00 |
| | REF: CREDIT CARD<br>TO BE PAID AS UNSECURED | | | | |
| DIRECTV, LLC<br>BY AMERICAN INFOSOURCE LP AS AGENT<br>PO BOX 5008<br>CAROL STREAM, IL 60197-5008 | 7 | $ 365.08 | $0.00 | - | $0.00 |
| | REF: SERVICES RENDERED<br>TO BE PAID AS UNSECURED | | | | |
| INTERNAL REVENUE SERVICE<br>P. O. BOX 7317<br>PHILADELPHIA, PA 19101-7317 | 5 | $ 12,686.71 | $0.00 | - | $0.00 |
| | REF: TAXES 2013-2015<br>TO BE PAID AS UNSECURED | | | | |
| JEFFERSON CAPITAL SYSTEMS, LLC<br>PO BOX 772813<br>CHICAGO, IL 60677-2813 | 10 | $ 950.80 | $0.00 | - | $0.00 |
| | REF: TELECOM<br>TO BE PAID AS UNSECURED | | | | |
| KIMP-AM/KALK-FM/KSCH-FM/KSCN-FM RADIO<br>3355 LENOX RD NE SUITE 945<br>ATLANTA, GA 30326 | 6 | $ 4,730.00 | $0.00 | - | $0.00 |
| | REF: SERVICES PERFORMED<br>TO BE PAID AS UNSECURED | | | | |
| NPRTO TEXAS, LLC<br>256 WEST DATA DRIVE<br>DRAPER, UT 84020 | 9 | $ 3,276.10 | $0.00 | - | $0.00 |
| | REF: LEASE TO OWN<br>TO BE PAID AS UNSECURED | | | | |

## Schedule K (Section 6.1 of Plan)
## Executory Contracts and Unexpired Leases ASSUMED by Debtor(s)
## (All other Executory Contracts/Unexpired Leases Not Listed REJECTED)

| CREDITOR | CLAIM NUMBER | CLAIM AMOUNT | CONFIRMED PLAN AMOUNT | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|---|

**NONE**

THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MIKE AHLERS | § | CASE NO. 19-50152-R |
| XXX-XX-5911 | § | |
| 1063 CR 3320 | § | CHAPTER 13 |
| MT. PLEASANT, TX  75455 | § | |
| | § | |
| SONDRA AHLERS | § | |
| XXX-XX-9352 | § | |
| | § | |
| DEBTORS | § | |

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing  TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS(WITH NOTICE OF BAR DATE FOR ADDITIONAL OBJECTIONS TO CLAIMS) has been served upon the following parties in interest on or before the date set forth below by electronic mail and/or by mailing a copy of same to them via first class mail . If no address is listed, no notice was sent to that party.

MIKE AHLERS
SONDRA AHLERS
1063 CR 3320
MT. PLEASANT, TX  75455

RODNEY MCDANIEL
ATTORNEY AT LAW
4503 TEXAS BOULEVARD, SUITE C
TEXARKANA, TX  75503

and to the parties on the attached mailing matrix.

Dated:  August 11, 2020                                  /s/ Carey D. Ebert
                                                                         Office of the Standing Chapter 13 Trustee

PLA_TRCC_Master

| | | |
|---|---|---|
| ATTORNEY GENERAL OF TEXAS<br>COLLECTIONS DIV/ BANKRUPTCY SECTION<br>PO BOX 12548<br>AUSTIN, TX  78711-2548 | BANK OF AMERICA, N.A.<br>P O BOX 982284<br>EL PASO, TX  79998-2284 | BANK OF AMERICA, N.A.<br>P. O. BOX 15102<br>WILMINGTON, DE  19886 |
| BOWIE COUNTY APPRAISAL DISTRICT<br>TAX ASSESSOR-COLLECTOR<br>BOX 6527<br>TEXARKANA, TX  75505 | CASS CO APP DIST<br>502 N MAIN<br>LINDEN, TX  75563 | CMRE FINANCIAL SERVICES<br>3075 E. IMPERIAL HWY #200<br>BREA, CA  92821-6753 |
| DIRECTV, LLC<br>BY AMERICAN INFOSOURCE LP AS AGENT<br>4515 N SANTA FE AVE<br>OKLAHOMA CITY, OK  73118 | DIRECTV, LLC<br>BY AMERICAN INFOSOURCE LP AS AGENT<br>PO BOX 5008<br>CAROL STREAM, IL  60197-5008 | FIRST FEDERAL COMMUNITY BANK<br>630 CLARKSVILLE STREET<br>PARIS, TX  75460 |
| HARRISON & DUNCAN, PLLC<br>8700 CROWNHILL, SUITE 505<br>SAN ANTONIO, TX  78209 | INTERNAL REVENUE SERVICE<br>P. O. BOX 7317<br>PHILADELPHIA, PA  19101-7317 | * IRS<br>P.O. BOX 7346<br>PHILADELPHIA, PA  19101-7346 |
| JEFFERSON CAPITAL SYSTEMS<br>P.O. BOX 7999<br>ST. COULD, MN  56302 | JEFFERSON CAPITAL SYSTEMS, LLC<br>PO BOX 772813<br>CHICAGO, IL  60677-2813 | JOE RIVERA<br>PO BOX 1470<br>WACO, TX  76703 |
| KIMP-AM/KALK-FM/KSCH-FM/KSCN-FM RADIO<br>3355 LENOX RD NE SUITE 945<br>ATLANTA, GA  30326 | LINEBARGAR GOGGAN BLAIR & SAMPSON LLP<br>2777 N. STEMMONS FREEWAY SUITE 1000<br>DALLAS, TX  75207 | NAMAN, HOWELL, SMITH & LEE<br>P. O. BOX 1470<br>WACO, TX  76703-1470 |
| NE TX COMM COLL DIST (TITUS)<br>C/O LAURIE S. HUFFMAN<br>LINEBARGER GOGGAN BLAIR & SAMPSON LLP<br>2323 BRYAN STREET., SUITE 1600<br>DALLAS, TX  75201 | NORTHEAST TX COMM COLL DIST<br>2777 N. STEMMONS FREEWAY<br>SUITE 1000<br>DALLAS, TX  75207 | NPRTO TEXAS, LLC<br>256 WEST DATA DRIVE<br>DRAPER, UT  84020 |
| OVATION<br>PO BOX 4258<br>HOUSTON, TX  77210 | OVATION SERVICES LLC<br>8401 DATAPOINT SUITE 1000<br>SAN ANTONIO, TX  78229 | OVERSTOCKCOM COMENITY BANKRUPTCY<br>PO BOX 182125<br>COLUMBUS, OH  43218-2125 |
| OZARK RENTALS<br>P.O. BOX 8805<br>FAYATTEVILLE, AR  72703-0014 | OZARK RENTALS & INVESTMENTS GROUP, LLC<br>PO BOX 8805<br>FAYETTEVILLE, AZ  72703 | SZABO ASSOCIATES<br>3355 LENOX ROAD NORTHEAST<br>9TH FLOOR<br>ATLANTA, GA  30326 |

PLA_TRCC_Master

| | | |
|---|---|---|
| TIM TAYLOR<br>PO BOX 1212<br>MOUNT PLEASANT, TX  75456-1212 | TITUS CO. HOSPITAL<br>PO BOX 512<br>MT. PLEASANT,  75456 | TITUS COUNTY APPRAISAL DISTRICT<br>PO BOX 528<br>MT PLEASANT, TX  75456-0528 |
| TITUS COUNTY TAX COLLECTOR<br>110 S. MADISON SUITE A<br>MT PLEASANT, TX  75455 | TITUS COUNTY TAX OFFICE<br>105 W FIRST ST<br>STE 101<br>MOUNT PLEASANT, TX  75455 | UT SOUTHWESTERN MEDICAL<br>P. O. BOX 845347<br>DALLAS, TX  75284-5347 |